GINGER *v.* ZISMAN.

1. FRAUDS, STATUTE OF—ORAL PROMISE OF ONE ATTORNEY TO PAY CLIENT'S DEBT TO ANOTHER ATTORNEY.
   The oral promise of an attorney to pay attorney for services rendered by latter to former's client is a special promise to answer for the debt of another that is unenforceable under the statute of frauds (CL 1948, § 566.132).

2. ATTORNEY AND CLIENT—SERVICES RENDERED ANOTHER ATTORNEY'S CLIENT—STATUTE OF FRAUDS.
   Motion to dismiss plaintiff attorney's action against defendant attorney for services rendered latter's client, based on grounds that plaintiff had violated a canon of professional ethics and that right to recover was barred by the statute of frauds, granted by common pleas court on the first ground only, affirmed by circuit court on second ground only, is affirmed by Supreme Court on latter ground (CL 1948, § 566.132; Canons of Professional Ethics No 35).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 49 Am Jur, Statute of Frauds §§ 60, 90.
[3] 14 Am Jur, Costs §§ 92, 99.

3. COSTS—BRIEF.
    No costs are allowed on affirmance of judgment, where appellee
    filed no brief.

Appeal from Wayne; Kaufman (Nathan J.), J. Submitted April 11, 1962. (Docket No. 59, Calendar No. 49,541.) Decided July 2, 1962.

Assumpsit by George L. Ginger against Eric E. Zisman for attorney fees rendered defendant's client. Judgment for defendant. Plaintiff appeals. Affirmed.

*George L. Ginger, in propria persona.*

CARR, C. J. The parties to this case are practicing attorneys in the city of Detroit. The declaration filed by plaintiff in the common pleas court of that city alleged that on June 1, 1959, defendant contacted plaintiff disclosing that a proceeding was pending before the tax court of the United States in which one of defendant's clients was involved. The interview resulted in plaintiff preparing essential pleadings and motions in the tax matter, obtaining a continuance for hearing on a show cause order that had been issued, and handling subsequent proceedings on behalf of the client.

It was plaintiff's claim as set forth in his pleading that the total amount involved in the tax case was $877.77, with possibly additional claims for interest, that the proceeding terminated in favor of the client as the result of plaintiff's efforts in her behalf, and that the result was in consequence beneficial to her. Plaintiff further averred that following the completion of the proceeding the client in question came to his office for the purpose of obtaining a statement covering his services in the tax matter, but was informed by him that he was working for defendant.

Plaintiff claimed that the total amount due to him for his services was $2,225, alleging that he was entitled to said sum on "open account."

In the common pleas court defendant moved to dismiss plaintiff's declaration, alleging that plaintiff had violated a canon of professional ethics and, further, that his right to recover was barred by the statute of frauds. The motion was granted on the first ground stated, on the theory that Canon 35 of the Canons of Professional Ethics* was violated by the arrangement alleged by plaintiff in his declaration. On appeal to circuit court the dismissal was sustained on the ground that plaintiff was seeking to recover on the basis of an oral promise to pay the debt of another. Such ruling was based on the pertinent provision of the statute of frauds, CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922), which reads as follows:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:   *   *   *

"2. Every special promise to answer for the debt, default or misdoings of another person."

Our examination of plaintiff's declaration in the case leads us to the conclusion that the circuit judge was right, and that the suggested promise of defendant to compensate plaintiff, if such there was, was merely an undertaking to pay the debt of the client to whom, admittedly, plaintiff's services were rendered.

---

* See 38 MSBJ 20 (May, 1959).—REPORTER.

The judgment entered in circuit court is affirmed. Defendant not having filed a brief, no costs are allowed.

Dethmers, Kelly, Black, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.